Jiang v. Holder

BIA
Vomacka, IJ
A089 475 186

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand fourteen.

PRESENT:
        JOHN M. WALKER, JR.,
        REENA RAGGI,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

QI JIANG,
        *Petitioner,*

        v.                                          13-133
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Farah      Loftus,      Century   City,
                        California.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; John   S.   Hogan, Senior
                        Litigation Counsel; Todd J. Cochran,
                        Trial Attorney, Office of Immigration
                        Litigation, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qi Jiang, a native and citizen of China, seeks review of a December 27, 2012 decision of the BIA affirming the August 8, 2011 decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Qi Jiang, No. A089 475 186 (B.I.A. Dec. 27, 2012), aff'g No. A089 475 186 (Immig. Ct. N.Y. City Aug. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Jiang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her

2

statements, without regard to whether they go "to the heart of the applicant's claim." See 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008). An omission in the applicant's testimony or supporting documents can also "serve as a proper basis for an adverse credibility determination." Xiu Xia Lin v. Mukasey, 534 F.3d at 166 n.3. We defer to "an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." Id. at 167.

Here, the totality of the circumstances supports the agency's adverse credibility determination. Although Jiang testified that she was beaten with police batons, neither her asylum application nor the letter from her mother mentions this fact. When asked about the discrepancy, Jiang stated that the bruises from the baton disappeared over time, and that she mainly remembered being slapped. The agency was not required to credit this explanation. See Majidi v. Gonzales, 430 F.3d 77, 80 (2d Cir. 2005) (A petitioner "must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks omitted)).

3

Additionally, the IJ found Jiang not credible because, although she testified that she never resided in Los Angeles, this was contradicted by statements from her former attorney, her cousin, and her own sworn statement. When questioned, Jiang stated, after a long pause, that she could not explain the discrepancy. Under the REAL ID Act, the agency's reliance on this inconsistency was reasonable. See 8 U.S.C. §§ 1158(b)(1)(B)(iii); Xiu Xia Lin, 534 F.3d at 167; see also Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir. 2006) (recognizing cumulative effect of discrepancies). This adverse credibility finding is further bolstered by Jiang's failure to offer testimony from her cousin with whom she lived or members of her church. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

The agency also considered Jiang's demeanor in finding her not credible, noting that she often paused before answering questions, rarely offered details about events, and gave no impression that Christianity is important to her.

4

Such a finding is entitled to deference. See Karaj v. Gonzales, 462 F.3d 113, 116 (2d Cir. 2006) ("[T]he IJ's opportunity to judge demeanor causes us to grant particular deference to credibility findings based on demeanor." (internal quotation marks omitted)).

Moreover, substantial evidence supports the agency's finding that Jiang failed to meet her burden to demonstrate a well-founded fear of persecution. To establish a well-founded fear of future persecution, an applicant must show that she subjectively fears persecution and that this fear is objectively reasonable. See 8 U.S.C. § 1101(a)(42); Kyaw Zwar Tun v. INS, 445 F.3d 554, 564 (2d Cir. 2006).

Jiang relied primarily on two pieces of evidence to support a well-founded fear of persecution: a ten-year-old internet article and a 2010 U.S. State Department International Religious Freedom Report from China. The agency properly concluded that the internet article was out of date and, therefore, of limited value in documenting current conditions, especially given the availability of a more recent State Department report. As the agency noted, that report, although establishing widespread discrimination against Christians, emphasizes persecution in two specific provinces and, accordingly, does not establish country-wide persecution

5

of Christians. Given this evidence, it was not error for the agency to conclude that, in the absence of some further evidence, Jiang failed to establish a well-founded fear of persecution in the province to which she would return. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 142, 149 (2d Cir. 2008) (finding no error in BIA's evidentiary framework requiring applicant to demonstrate enforcement of family planning policy in local area because of local variations in enforcement); see also Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Because Jiang's withholding of removal and CAT claim were based on the same factual predicate, she was similarly unable to meet the standard required to succeed on those claims. See Lecaj v. Holder, 616 F.3d 111, 120-21 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

6

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court